1

2

3

4

5

6

7

HONORABLE RONALD B. LEIGHTON

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

18

ANGELA HARRISON, Individually, and
DESIREE WELCH, Individually,

Plaintiffs,

v.

TOYS "R" US-DELAWARE, INC., doing
business in Washington State "TOYS "R"
US," and PAULA "DOE," Individually and
"JOHN DOE," Individually, and the Marital
Community Comprised Thereof,

Defendants.

Case No.  C06-5583 RBL

ORDER

19

20

21

22

23

24

25

26

27

28

INTRODUCTION

This matter comes before the Court on plaintiffs Angela Harrison and Desiree Welch's motion to

remand, arguing that the Court lacks subject matter jurisdiction because while the parties are diverse, the

amount in controversy does not meet the required $75,000.  For the following reasons, plaintiffs' motion

to remand is GRANTED.

ORDER
Page - 1

1

2

BACKGROUND

Plaintiffs Angela Harrison and Desiree Welch were employees of Toys "R" Us in Washington.

3

4

They allege that they were sexually harassed, and were subjected to a hostile work environment after they

5

complained of the harassment.

6

Plaintiffs originally brought this action in Pierce County Superior Court, and defendants removed it

7

to the Western District of Washington.  Plaintiffs now move to remand back to Pierce County Superior

8

Court.

9

DISCUSSION

10

11

**1. Remand to Pierce County Superior Court is Proper**

12

Any civil action brought in state court is removable if it might have been brought originally in

13

federal court.  28 U.S.C. § 1441(a).  28 U.S.C. § 1332(a)(1) provides, in relevant part, "The district courts

14

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

15

16

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  If the court

17

determines that it is without subject matter jurisdiction at any time before the final judgment, the action

18

shall be remanded to the state court.  28 U.S.C. § 1447(c).

19

There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be

20

rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d

21

22

564, 566 (9th Cir. 1992).  The defendant always bears the burden of establishing the propriety of removal.

23

*Id.*  Where the amount of damages sought by a plaintiff is unclear, defendant must prove facts supporting

24

the jurisdictional amount by a preponderance of the evidence.  *Sanchez v. Monumental Life Ins. Co.*, 102

25

F.3d 398, 403 (9th Cir. 1996); *Gaus*, 980 F.2d at 567; 28 U.S.C. § 1332(a).  Thus, the defendant must

26

demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000.  *Sanchez*,

27

28

102 F.3d at 404.

ORDER
Page - 2

1
2
3
4
5

The Court determines whether the defendant has met this burden by first considering whether it is "facially apparent" from the complaint that the jurisdictional amount is satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). If the complaint does not clearly specify damages, the Court may examine facts in the complaint and evidence submitted by the parties. *See id.*

6
7
8
9
10

First, there remains a question of whether complete diversity exists. However, since defendants Paula "Doe" and "John Doe" are being sued under the fictitious name "Doe," as plaintiffs have not yet ascertained their true names, their citizenship as it pertains to diversity is disregarded. 28 U.S.C. § 1441(a).

11
12
13
14
15
16
17
18
19
20
21

The second, dispositive question is whether the amount in controversy in this case exceeds $75,000. The plaintiffs argue that the compensatory damages they are seeking are approximately $2,000, and that any non-economic damages are uncertain and at the jury's discretion. The defendants argue that each plaintiff's economic damages award would be approximately $9,000. The defendants further argue that when attorney's fees and noneconomic damages are uncertain, the Court should look to trends in analogous cases, pointing to two cases - *Parker-Jones v. Eagle Hardware & Garden, Inc.*, 94 Wn. App. 1053 (1999), which awarded $200,000 in noneconomic damages, and *Forbes v. ABM Indus.*, 127 Wn. App. 1003 (2005), which awarded approximately $1.6 million in noneconomic damages. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002).

22
23
24
25
26
27
28

The Court does not find the defendants' arguments persuasive. Even if the Court were to examine outside cases in attempting to determine whether, if all of the plaintiffs' claims were proved, the amount awarded would satisfy the jurisdictional minimum, *Parker-Jones* and *Forbes* do not demonstrate a trend in analogous cases. While the defendants have demonstrated that jury verdicts *may* be substantial, they have not demonstrated that in this case, a jury verdict *would* be substantial by a preponderance of the evidence. *See Sanchez*, 102 F.3d at 403.

Because it appears that the court lacks subject matter jurisdiction, as the amount in controversy does not exceed $75,000 and the plaintiffs have brought no federal question action, plaintiffs' motion to remand is GRANTED.

**2. Attorney's Fees Are Not Warranted**

Under 28 U.S.C. § 1447(c) the decision to award attorney's fees if a motion to remand is granted is at the Court's discretion. The Court must determine whether the Defendant had objectively reasonable grounds to believe that removal was proper. The Court has considered the defendants' arguments, and has determined that such objectively reasonable grounds were present, and an award of attorney's fees is not warranted. Therefore, plaintiffs' motion for attorney's fees is DENIED.

CONCLUSION

Plaintiffs' motion to remand to Pierce County Superior Court is GRANTED. Plaintiffs' motion for attorney's fees is DENIED.

Dated this 13th day of December, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 4